WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
AMI SANGHVI, SBN 4407672 (NY)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No.: (415) 625-5640
Facsimile: (415) 625-5657
ami.sanghvi@eeoc.gov

*Attorneys for Plaintiff EEOC*

ORIGINAL FILED
2013 JUL -3  A 11: 30
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

RIVIERA CONSULTING AND MANAGEMENT LLC, ALI BABA CORPORATION, OASIS CARE, INC., SABANKAYA SELECT LLC AND SABANKAYA ET AL.

Defendants.

Case No.: CV 13 3079 HRL LHK

**COMPLAINT**

Civil Rights - Employment Discrimination

**DEMAND FOR JURY TRIAL**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Charging Party Farhang Dahmubed who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that Defendant entities function as integrated enterprise consisting of Riviera Consulting and Management LLC, Ali Baba Corporation, Oasis Care, Inc., Sabankaya Select LLC and Sabankaya Et Al. (collectively referred to as "Defendant Employer") failed to provide Mr.

1  Dahmubed with a reasonable accommodation and subsequently terminated his employment because
2  of his disability, in violation of the ADA, as alleged with greater particularity in the paragraphs 17-
3  21 below.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of California, San Jose Division.

**PARTIES**

3. Plaintiff Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Riviera Consulting and Management LLC has been a limited liability corporation doing business in the State of California, City of San Jose, owned by Mustafa Sabankaya, and has continuously employed less than ten employees.

5. At all relevant times, Ali Baba Corporation has been a privately owned corporation doing business in the State of California, City of San Jose, owned by Mustafa Sabankaya, and has continuously employed at least fifteen employees.

6. At all relevant times, Oasis Care, Inc. has been a privately owned corporation doing business in the State of California, City of San Jose, and has continuously employed at least fifteen

employees.

7. At all relevant times, Sabankaya Select LLC has been a privately owned limited liability corporation doing business as a horse ranch in the State of California, owned by Mustafa Sabankaya, and has employed no employees.

8. At all relevant times, Sabankaya et al. has been a privately owned business that handles the personal finances and income taxes of its owner, Mustafa Sabankaya. It has no employees.

9. At all relevant times Riviera Consulting and Management LLC, Ali Baba Corp., Oasis Care, Inc., Sabankaya Select LLC, and Sabankaya et al. ("the entities") have operated as a single integrated enterprise by maintaining interrelated operations, common management, centralized control of labor relations, and common ownership or financial control. The integrated aspects of Defendant's operations include, but are not limited to, the following:

   a. Riviera Consulting and Management LLC provides all administrative and day to day managerial tasks, accounting, bookkeeping, finance, and banking for all of the entities.

   b. Riviera Consulting and Management LLC manages the payroll, negotiates and manages all insurance and government contracts, files the tax returns, and provides human resource functions such as hiring for all of the entities.

   c. Ali Baba Corporation operates three residential facilities for mentally ill patients in San Jose, California and some of its employees may provide services for Oasis Care, Inc.

   d. Oasis Care, Inc. provides mental health services to persons transitioning out of residential care programs, including those who reside in facilities owned and operated by Ali Baba Corporation and may have employees who provide services for Riviera Consulting and Management LLC and Ali Baba Corporation at its residential mental health facilities.

   e. Employees at Riviera Consulting and Management LLC hire and supervise non-medical employees.

   f. Riviera Consulting and Management LLC publishes an employee handbook that,

Equal Employment Opportunity Commission
350 The Embarcadero, Suite 350
San Francisco, CA 94105
(415) 625-5622

upon information and belief, it distributes to employees across all the entities.

    g. Mustafa Sabankaya is the owner of Riviera Consulting and Management LLC, Ali Baba Corporation, Sabankaya Select LLC, and Sabankaya et al.

    h. Mustafa Sabankaya is, or has been, the President of Oasis Care, Inc.

    i. Lance Burrow is, or has been the President of Oasis Care. Inc. and represented Riviera Consulting and Management LLC during the Commission's investigation of Mr. Dahmubed's disability charge of discrimination.

    j. Either Robert D. Hansen or Mustafa Sabankaya serves as the registered agent for service for the entities.

10. This integrated entity is the Defendant Employer in this action. All of the acts and failures to act alleged herein were duly performed by and attributable to all entities. Each entity will be considered to have participated in, approved, and/or ratified the unlawful acts and omission by the other entities complained of herein. Whenever and wherever reference is made in this Complaint to any act by Defendant Employer or one of the above referenced entities, such allegations and references shall also be deemed to mean the acts and failures to act of each entity acting individually, jointly, and/or severally.

11. At all relevant times, Defendant Employer has been doing business in the State of California, City of San Jose, and has continuously employed a combined total of at least 15 employees.

12. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

13. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

///

///

## CONCILIATION

14. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADA through informal methods of conciliation, conference, and persuasion within the meaning of Section 706 (b) of Title VII, 42 U.S.C. § 2000e-5.

## STATEMENT OF CLAIMS

15. More than thirty days prior to the institution of this lawsuit, Charging Party Dahmubed filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Since at least September 2007, Defendant Employer engaged in unlawful employment practices at its Riviera Consulting and Management LLC facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Mr. Dahmubed with a reasonable accommodation for his disability and instead discharging him because of his disability.

17. Mr. Dahmubed has a physical impairment, Retinitis Pigmentosa, an eye disease where damage to the retina substantially limits Mr. Dahmubed's ability to see, including but not limited to decreased vision in low light and a loss of peripheral vision.

18. At all relevant times, Mr. Dahmubed was qualified to perform the essential functions of his job as Senior Bookkeeper. Mr. Dahmubed had worked in the field of accounting, auditing, economics and taxation for more than twenty years when Defendant Employer hired him into the Senior Bookkeeper position on or about September 18, 2007. Mr. Dahmubed duties included, but were not limited to, accounts payable and receivable, administration of insurance policies and claims, banking and payroll. Mr. Dahmubed was performing his duties satisfactorily prior to his discharge.

19. On or about September 21, 2007, just a few days into his new job, Mr. Dahmubed informed Defendant Employer of his disability and that his disability prevented him from driving.

20. On or about October 12, 2007, owner of Riviera Consulting and Management LLC, Mustafa Sabankya, and Mr. Dahmubed's immediate supervisor, Abdul Khan, met with Mr.

Equal Employment Opportunity Commission
350 The Embarcadero, Suite 350
San Francisco, CA 94105
(415) 625-5622

Dahmubed and informed him that he was being terminated because he could not drive to distribute payroll checks and pick up mail. This was the first notice Mr. Dahmubed received that Defendant Employer considered driving to be a duty of his job.

21. During the meeting on or about October 12, 2007, described in paragraph 20 above, Mr. Dahmubed requested an accommodation for his disability when he asked Defendant Employer to explore alternative methods to "driving" in order to distribute payroll and pick up mail. Although "driving" was not one of the essential functions of the senior bookkeeper job, Charging Party would have been qualified to distribute payroll and pick up mail with an accommodation such as walking, using public transportation, calling a taxi, having someone else drive him, or even having another employee or a temporary employee perform the tasks of payroll distribution and mail pickup. Defendant Employer failed to engage in the interactive process regarding Charging Party's request for an accommodation and proceeded to discharge him.

22. The effect of the practices complained of in paragraphs 17 through 21 above has been to deprive Mr. Dahmubed of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

23. The unlawful employment practices complained of in paragraphs 17 through 21 above were intentional.

24. The unlawful employment practices complained of in paragraphs 17 through 21 above were done with malice or with reckless indifference to the federally protected rights of Farhang Dahmubed.

25. Since at least September 2007, Defendant Employer has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

///
///

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Farhang Dahmubed, by providing appropriate backpay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant Employer to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

E. Order Defendant Employer to make whole Farhang Dahmubed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Farhang Dahmubed by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Farhang Dahmubed punitive damages for its malicious and reckless conduct, as described in paragraphs above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

COMPLAINT FOR DISCRIMINATION        7

Equal Employment Opportunity Commission
350 The Embarcadero, Suite 350
San Francisco, CA 94105
(415) 625-5622

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 3, 2013

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507


By: _/s/ William R. Tamayo_
    WILLIAM R. TAMAYO
    Regional Attorney

By: _/s/ Marcia Mitchell_
    MARCIA MITCHELL
    Supervisory Trial Attorney

By: _/s/ Ami Sanghvi_
    AMI SANGHVI
    Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
(415) 625-5640